IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| BRYANT DUANE THOMAS,<br><br>     Plaintiff,<br><br>v.<br><br>Original Lender, DHI HOME MORTGAGE COMPANY; Servicer, WELLS FARGO HOME MORTGAGE, DIVISION OF WELLS FARGO BANK NA; and Investor Trust GINNIE MAE,<br><br>     Defendants. | Civil Action No. 3:22-CV-1236 |

## NOTICE OF REMOVAL

Please take notice that defendant Government National Mortgage Association (Ginnie Mae), which is a wholly owned government corporation within the U.S. Department of Housing and Urban Development (HUD), hereby removes the action pending as Cause No. 110792-422 in the 422nd Judicial District Court of Kaufman County, Texas, to the Dallas Division of the United States District Court for the Northern District of Texas, and as support would respectfully show as follows:

1.     Cause No. 110792-422 was commenced upon the filing of a petition (captioned a "Claim of Payoff, Recoupment, and 12 Member Trial By Jury Request") by plaintiff Bryant Duane Thomas in the 422nd Judicial District Court of Kaufman County on April 29, 2022. The defendants are identified as DHI Home Mortgage Company (the actual name of which is apparently DHI Mortgage Company), Wells Fargo Bank NA

(identified as Wells Fargo Home Mortgage, Division of Wells Fargo Bank NA), and Ginnie Mae.  In the petition, Thomas appears to be invoking a variety of discredited theories to challenge the validity of a loan he took out to purchase property in Kaufman County at 2036 Lake Trail Drive, Heartland, Texas 75126,[1] including based on an alleged requirement for the defendants to produce an "Original blue ink signed" note and under a theory that securitization of the loan would have somehow rendered it and the associated mortgage unenforceable.  Thomas also asserts that he was "forced under duress" to sign the relevant loan documents and that he later "legally discharged" the debt through payment of "232 pieces of silver" as well as a "$100,000.00 legal New Credit Agreement Debt Lien Payoff Contract Security NOTE."  Thomas's petition is sprinkled with various nonsensical legalistic references to statutes and other supposed legal authorities familiar to "sovereign citizen"-type litigants.  For example, he includes an "affidavit of denial" in which he identifies himself as "Bryant Thomas, a Jus soli citizen, harmed and injured living man in this Land Court of Record in Exclusive Common Law Inviolate"; he refers to the "United States of America land area" (apparently in an effort not to recognize the United States of America as a legitimate country); and he appears to suggest that only "maritime or admiralty jurisdiction" could possibly "bind[]" him.  The petition also includes as an exhibit a nonsensical "certified" document with various meaningless seals and stamps identifying Thomas as a "Legal Private banker, Creditor, [and] National

---

[1] It appears that the instant action filed by Thomas may have been prompted by Wells Fargo's filing of a judicial foreclosure action with respect to this property a few weeks earlier in April 2022.  See Plaintiff's Original Petition, *Wells Fargo Bank, N.A. v. Thomas et al.*, No. 110567-CC2 (Kaufman Cty. Apr. 4, 2022).

Bank," apparently for the purposes of allowing Thomas to use his own "Registered New Credit Agreement Debt Lien Payoff Securities" as legal tender (presumably to "pay off" debts he has incurred in U.S. dollars). The state-court docket reflects that Thomas has also recently filed an amended petition (captioned "Amended Complaint of Payoff Recoupment") against the same defendants and advancing similar theories.

2. This action is removable pursuant to 28 U.S.C. § 1442(a)(1), which authorizes the removal of any "civil action . . . commenced in a State court" against "[t]he United States or any agency thereof or any officer (or person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." This removal provision applies in this case because Ginnie Mae is an instrumentality organized under HUD and the HUD Secretary. As one court has explained,

> Ginnie Mae is a corporation that is wholly owned by the United States within the Department of Housing and Urban Development ("HUD"). 12 U.S.C. § 1717(a)(2)(A). All of the "benefits and burdens" of Ginnie Mae's operations "inure solely to the Secretary of the Treasury," *id.* § 1722, and all of Ginnie Mae's powers and duties are "vested in the Secretary of Housing and Urban Development and . . . administered under the direction of the Secretary," *id.* § 1723(a). Ginnie Mae therefore has the status of a federal agency. *See Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 714 n.9 (2d Cir. 2013) (internal quotation marks and citation omitted) ("As securities issued by a federal agency, Ginnie Mae securities carry the full faith and credit of the United States."); *Gov't Nat. Mortgage Ass'n v. Terry*, 608 F.2d 614, 615 (5th Cir. 1979) ("Ginnie Mae is an agency within the meaning of [28 U.S.C. § ] 1345 [United States as plaintiff]."); *Channer v. Loan Care Serv. Ctr., Inc.*, No. 11-cv-135, 2011 WL 2437270, at *1 (D. Conn. June 14, 2011) ("Federal

> jurisdiction is conferred here because [Plaintiff] has sued Ginnie Mae, among others. Under 28 U.S.C. § 1442(a)(1), when a United States agency is sued in state court for an action committed in its official capacity, that agency may remove the action....").

*Sanchez v. Homestead Funding Corp.*, No. 3:13-CV-1850, 2014 WL 4145546, at *2 (D. Conn. Aug. 19, 2014).

3. The purpose of the section 1442(a)(1) removal provision is to protect the lawful activities of the federal government from undue state interference. *See Willingham v. Morgan*, 395 U.S. 402, 405–06 (1969). Unlike the general removal statute, which must be "strictly construed in favor of remand," *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), "[t]he Supreme Court has stated that § 1442(a)(1) is to be construed broadly and 'should not be frustrated by a narrow, grudging interpretation,'" *Humphries v. Elliot Co.*, 760 F.3d 414, 417 (5th Cir. 2014) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)). A case may be removed even if a federal question arises as a defense rather than as a claim apparent from the face of the plaintiff's well-pleaded complaint. *See Jefferson Cty. v. Acker*, 527 U.S. 423, 431 (1999).

4. Here, removal is proper under section 1442(a)(1) because Ginnie Mae is an agency of the United States (as discussed above). Further, although the text of the statute does not specifically require it, there is caselaw suggesting that removal under section 1442(a)(1) should only occur when the defendant can assert a "colorable federal defense." *See Mesa v. California*, 489 U.S. 121, 136 (1989). To the extent that is necessary, at least one such defense that is available to Ginnie Mae is the defense of

sovereign immunity, because the petition nowhere identifies any statutory waiver of sovereign immunity that would allow for Ginnie Mae to be subjected to suit in state court on whatever claims Thomas is purporting to assert—and specifically to the extent Thomas seeks injunctive relief against Ginnie Mae.[2]  *See* 12 U.S.C. § 1723a(a).  A second federal defense arises insofar as Ginnie Mae has apparently been sued by Thomas based on Ginnie Mae's involvement in the securitization of mortgages, but Ginnie Mae's activities in this respect are authorized and governed by federal law.  *See Bell v. Thornburg*, 743 F.3d 84, 89 (5th Cir. 2014) (explaining that a standing bankruptcy trustee was authorized to remove a suit to federal court under section 1442(a)(1), where the trustee's actions at issue "were conducted under the color of office and while performing his official duties"); *see also Jefferson Cty.*, 527 U.S. at 431 (explaining that "suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law").  Pursuant to 12 U.S.C. § 1721(g), Ginnie Mae operates a mortgage-backed securities program under which private lenders (known as "Issuers") issue securities backed by federally insured or guaranteed home mortgages.  The Issuers either originate the loans or buy existing loans from an originating lender, and then package the mortgages into groups known as "pools," with each pool backing a mortgage-backed security.  These securities are sold to private investors, and the funds generated by the sale repay the Issuer for funds that the

---

[2] Pursuant to the doctrine of derivate jurisdiction, this defect continues even after the case has been removed.

**Notice of Removal – Page 5**

Issuer used to originate or to buy the loans. The securities are issued in a principal amount equal to that of the pooled mortgages, and bear an interest rate slightly below that of the mortgages. Mortgages eligible to back Ginnie Mae-guaranteed mortgage-backed securities are those: (1) insured under the National Housing Act; (2) guaranteed by the Department of Veterans Affairs; (3) guaranteed by the Rural Housing Service; or (4) guaranteed by the Secretary of Housing and Urban Development under section 184 of the Housing and Community Development Act of 1992. In connection with each pool of loans for which an Issuer intends to issue a Ginnie Mae-guaranteed security, the Issuer and Ginnie Mae execute a guaranty agreement. As a condition to providing the guaranty, Ginnie Mae requires Issuers to assign the mortgages to Ginnie Mae. Ginnie Mae then permits the Issuer to hold legal title and service the mortgage loans on its own behalf. The assignment of the mortgage is required so that if the Issuer defaults on its obligation to Ginnie Mae, Ginnie Mae can immediately extinguish the Issuer's interests in the mortgage loans. But unless and until Ginnie Mae defaults the Issuer, legal title to the mortgage loans remain with the Issuer. *See, e.g.*, *United States v. NBD Bank*, 922 F. Supp. 1235 (E.D. Mich. 1996). Thus, given that Thomas appears to somehow be claiming that Ginnie Mae's involvement in the securitization of mortgages somehow operates to render such mortgages unenforceable when the underlying loans go into default (or otherwise), that issue implicates federal law which expressly authorized Ginnie Mae's activities.

*   *   *   *

This case is subject to removal pursuant to 28 U.S.C. § 1442(a)(1) and is hereby removed.

Respectfully submitted,

CHAD E. MEACHAM
UNITED STATES ATTORNEY

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8626
Facsimile:   214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Defendant
Government National Mortgage
Association (Ginnie Mae)

Certificate of Service

On June 7, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties that have appeared in the case with counsel electronically through the ECF system.  Plaintiff will be served by first-class mail to the address listed for him in the state-court record (2036 Lake Trail Dr., Heartland, TX 75126).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney