IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRYANT DUANE THOMAS, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:22-CV-1236-B-BK |
| § | |
| DHI HOME MORTGAGE COMPANY, § | |
| ET AL., § | |
| DEFENDANTS. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the United States district judge's *Standing Order of Reference*, Doc. 5, this case was referred to the undersigned for pretrial management. Now before the Court are *Defendant Ginnie Mae's Motion to Dismiss*, Doc. 7, *Defendant DHI Home Mortgage Company's Motion to Dismiss*, Doc. 10, and *Wells Fargo Bank, N.A.'s Motion to Dismiss*, Doc. 11, Plaintiff's *Motion to Remand*, Doc. 8, *Plaintiff Bryant Duane Thomas Motion to Quash Defendant Ginnie Mae's Motion to Dismiss, and Wells Fargo Bank, N.A.'s Motion to Dismiss*,[1] Doc. 21.  For the reasons that follow, Plaintiff's motions should be **DENIED,** and Defendants' motions should be **GRANTED.**

   **I. BACKGROUND**

Plaintiff, proceeding *pro se*, filed this action in state court against DHI Home Mortgage Company ("DHI"), Wells Fargo Home Mortgage ("Wells Fargo"), and Government National Mortgage Association ("Ginnie Mae"), collectively "Defendants," alleging (as best the Court can

---

[1] As explained later, Plaintiff's *Motion to Quash* is essentially just a response in opposition to Defendants' motions to dismiss.

glean) various state and federal law violations arising from Plaintiff's mortgage contract. Doc. 1-13 at 13-19. Ginnie Mae removed the case to this Court under 28 U.S.C. § 1442(a)(1). Doc. 1. Soon thereafter, Ginnie Mae filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Doc. 7. Plaintiff then filed a one-sentence motion for remand, Doc. 8, and a *Motion to Enforce*, Doc. 9. DHI and Wells Fargo followed with motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Doc. 10; Doc. 11.

After Plaintiff had responded to the motions to dismiss, and upon review of the operative 190-page *Amended Complaint of Payoff Recoupment*, inclusive of 107 pages of exhibits, *Amended Complaint of Payoff Recoupment* ("Complaint"), the Court determined that the Complaint was so deficient that it was impossible to determine the claims Plaintiff was attempting to assert, let alone liberally construe the Complaint in light of his *pro se* status. *See* Doc. 1-13 (alleging general misconduct without specific injuries; repeating arguments and exhibits throughout; relying on irrelevant statutes and seemingly fabricated documents, including Securities and Exchange Commission Rules, a "Satisfaction of Mortgage" document with Plaintiff's "seal," and a UCC section inserted nearly 100 times throughout; and requests for extrajudicial relief, including reimbursement of all payments on his mortgage, return of his silver, cancellation of his debts, and for Defendants to prove his "New Credit Agreement" is not a security or legal tender).

Consequently, Plaintiff was ordered to file a second amended complaint that met the pleading requirements of Federal Rule of Civil Procedure 8(a) or risk dismissal of this case for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Doc. 20. Rather than comply with the Court's order, however, Plaintiff filed a pleading titled *Motion to Quash*, in which he (1) questions the subject matter jurisdiction of the Court and the authority of the

undersigned to manage the pretrial matters in this case; (2) "respectfully demand[s]" that the Court vacate its order directing him to amend his complaint; (3) seeks to "quash" Defendants' motions to dismiss; and (4) asks that this case be remanded back to the "proper court." Doc. 21 at 2, 4.

## II. ANALYSIS

### A. *Removal was Proper.*

In Defendant's one-sentence motion to remand, he argues that the Court should remand this case because the real property secured by the mortgage at issue is located in Kaufman County, Texas, and not on federal property. Doc. 8. Ginnie Mae responds that as a government corporation within the U.S. Department of Housing and Urban Development, it was entitled to remove this case under 28 U.S.C. section 1442(a)(1). Doc. 14 at 1-2.

28 U.S.C. § 1442(a)(1) authorizes the removal from state court of any civil action against "[t]he United States or any agency thereof or any officer (or person acting under that officer) of the United States or of any agency thereof . . . for or relating to any act under color of such office." *See also IMFC Prof. Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 158 (5th Cir. Unit B May 1982) ("Section 1442(a)(1) authorizes removal of the entire case even though only one of its controversies might involve a federal officer or agency.") (citation omitted). Once a case is removed, the plaintiff may file a "motion to remand the case on the basis of any defect . . . within 30 days after the filing of the notice of removal under [28 U.S.C.] section 1446(a)." 28 U.S.C. § 1447(c).

It is undisputed that Defendant Ginnie Mae is a federal agency. *See* 28 U.S.C. § 1723; *Merrill Lynch, Pierce, Fenner & Smith, P.C. v. Greystone Serv'ing Corp.*, No. 3:06-CV-0575-P, 2009 WL 2568323, at *2 (N.D. Tex. Aug. 18, 2009) (Solis, J.) (finding that Ginnie Mae is a

government agency). Moreover, Plaintiff offers no valid basis for determining that the removal of this case was improper. Thus, the motion for remand fails.

### B. *Complaint is Subject to Dismissal for Failure to Comply with a Court Order.*

District courts have the inherent authority to dismiss *sua sponte* an action under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow a court order. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962) (finding that courts have an "inherent power" to dismiss *sua sponte* for lack of prosecution "so as to achieve the orderly and expeditious disposition of cases."). A dismissal with prejudice under Rule 41(b) requires "a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984). In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct. *See Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (listing the aggravating factors relied on by the court) (collecting cases).

Here, dismissal of the Complaint with prejudice under Rule 41(b) is appropriate. First, the record shows Plaintiff actively engaged in contumacious conduct by ignoring the Court's order to amend his complaint and instead filing his *Motion to Quash*, as described *supra*. *See Hall*, 193 F. App'x at 299-300 (district court's dismissal with prejudice under Rule 41(b) was "justified" when the plaintiff was given leave to file a second amended complaint and instead filed a pleading which did not conform to the requirements of Rule 8). Second, Plaintiff's intentional noncompliance is an aggravating factor which supports dismissal under Rule 41(b) because it delayed the Court's determination of Defendants' pending motions to dismiss and the resolution of this case. *Rogers*, 669 F.2d at 320. Third, a lesser sanction, such as dismissal

4

without prejudice, would not prompt diligent prosecution since Plaintiff actively and futilely disputes the Court's jurisdiction and authority.  Cf. *Loza v. Select Portfolio Servicing, Inc.*, 820 F. App'x 240, 242-43 (5th Cir. 2020) (finding that the court abused its discretion by not considering lesser sanctions when dismissing the case with prejudice).  In any event, the Court has already employed the lesser sanction of warning Plaintiff to amend his complaint or risk dismissal, to no avail.  *Id.*

Dismissal is authorized on this basis alone.  Alternatively, as outlined *infra*, Defendants' Rule 12 motions to dismiss have merit and should be granted.

### C. The Court Lacks Jurisdiction Over Any Attempted Claims Against Ginnie Mae.

A Rule 12(b)(1) motion to dismiss challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate [it]." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).  The party asserting that jurisdiction exists bears the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (holding that the plaintiff bears the burden of establishing jurisdiction).  If a plaintiff fails to meet this burden, a court may dismiss a claim for lack of subject matter jurisdiction based on the complaint alone. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (finding that district courts have the power to dismiss for lack of subject matter jurisdiction on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.").

As in this case, where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161; *see also Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (where both Rule 12(b)(1) and 12(b)(6) grounds for dismissal apply, "the court should dismiss only on the jurisdictional ground" to prevent a court without jurisdiction from reaching the merits of the case).

Ginnie Mae argues the Court lacks subject matter jurisdiction since (1) Plaintiff has not identified a legally cognizable injury and, therefore, has no standing; (2) the Tucker Act bars any contract-based claims because Plaintiff does not allege that he is in privity with Ginnie Mae; and (3) sovereign immunity bars Plaintiff's request for injunctive relief. Doc. 7 at 4-7. In response, Plaintiff reiterates the allegations in his complaint, such as they are, and requests the Court "take judicial notice and Deny all Defendant's [sic] Motions to Dismiss with prejudice." Doc. 13 at 1.

As discussed *supra*, Plaintiff fails to allege a cognizable (or even coherent) legal claim against any Defendant, including Ginnie Mae. Specifically, Plaintiff fails to plead sufficient facts to establish that Ginnie Mae injured him. As relevant, Plaintiff alleges *in toto*:

> Within the first 30 to 60 days of closing and upon securitization, the Defendants (Original Lender DHI Mortgage Company) received a profit from the Defendants (Investor Trust, *Ginnie Mae*) when [the] [m]ortgage was sold/assigned to Defendants (Servicer, Wells Fargo Home Mortgage . . . ) pursuant to the Investor Trust's Pooling and Servicing Agreement . . . Contract.

Doc. 1-13 at 39. Plaintiff thus falls short of his burden to demonstrate an injury in fact caused by Ginnie Mae. As such, Plaintiff lacks standing to bring any claim he may be attempting to assert. *Williamson*, 645 F.2d at 413; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (finding that "standing is an essential and unchanging" requirement to have subject matter jurisdiction under Article III).

6

Further, even assuming Plaintiff is attempting to assert a breach of contract claim, Ginnie Mae correctly states that Plaintiff wholly fails to demonstrate privity between himself and Ginnie Mae. *See Calif. Sand & Gravel, Inc. v. United States*, 22 Cl. Ct. 19, 23-24 (1990) (holding that for jurisdictional purposes under the Tucker Act, a showing of privity of contract with the government is a "necessary prerequisite" to maintain a suit against the United States). Likewise, Ginnie Mae accurately asserts that Plaintiff's claims against it—a federal agency—for injunctive relief are barred by sovereign immunity. *See* 12 U.S.C. § 1723(a) (Ginnie Mae retains its sovereign immunity from suit for injunctive relief).

### D. Plaintiff Fails to State a Legally Cognizable Claim Against Any Defendant.

As a threshold matter, DHI's and Wells Fargo's Rule 12(b)(6) motions are not timely because, unlike Ginnie Mae, DHI and Wells Fargo had already filed answers in state court before the case was removed. Doc. 1 at 1; Doc. 1-8; Doc. 1-10. *See* FED. R. CIV. P. 12(b) ("motion asserting [failure to state a claim on which relief can be granted] must be made before pleading if a responsive pleading is allowed"). That notwithstanding, a court may treat a motion mistakenly filed under Rule 12(b)(6) as a motion for judgment on the pleadings brought under Rule 12(c). *See Allen v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:16-CV-0249-D, 2017 WL 3421067, at *2 (N.D. Tex. Aug. 9, 2017) (Fitzwater, J.) (collecting cases).

The standard for determining the merits of a Rule 12(c) motion is the same as that applicable to a motion brought under Rule 12(b)(6). *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The analysis begins with the court's consideration of whether a party has complied with Federal Rule

of Civil Procedure 8. *Id.* at 557 (noting that the Rule 12(b)(6)'s plausibility element derives from "Rule 8(a)(2)'s threshold requirement of that the 'plain statement' possess enough heft to [show] that the pleader is entitled to relief") (quoted cases omitted).

Specifically, Rule 8 requires that a complaint (1) set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" and (2) be "simple, concise and direct." FED. R. CIV. P. 8(a), (d). This serves two purposes. First, Rule 8 "eliminate[s] prolixity in pleading and . . . achieve[s] brevity, simplicity, and clarity." *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979) (citation omitted). Second, the rule ensures "that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Hall v. Civ. Air Patrol, Inc.*, 193 F. App'x 298, 299 (5th Cir. 2006) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). As aptly noted in *Garst*, "[f]ederal judges have better things to do, and the substantial subsidy of litigation . . . should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim." 328 F.3d at 378.

Here, Defendants allege the Complaint does not state a claim upon which relief can be granted as Plaintiff (1) asserts "insufficient" facts in a conclusory fashion, (2) relies on "discredited and incoherent" theories, and (3) fails to identify which Defendant(s) allegedly engaged in the offending conduct. *See* Doc. 7, Doc. 10, Doc. 12, *passim*. Defendant's arguments find support in the record.

As discussed *supra*, the Complaint does not comport with the pleading requirements of Rule 8. Again, the Complaint fails to state a comprehendible claim. First, Plaintiff's 82-page complaint, including 108 pages of "evidence," is far longer than necessary to cogently state a legal claim. *Cf. Jaser v. AT&T Servs. Inc.*, No. 3:18-cv-3429-B-BH, 2020 WL 1329151, at *5 (N.D. Tex. Mar. 23, 2020) (Boyle, J.) (dismissing a 180-page complaint as too lengthy and

Case 3:22-cv-01236-B-BK   Document 24   Filed 02/08/23   Page 9 of 10   PageID 515

repetitious but finding that shorter complaints may also fail under Rule 8(a), especially if they are repetitive and hard to follow) (collecting cases). Plaintiff's complaint is also repetitive, rambling, and references immaterial sources such as banking workbooks, Wikipedia searches, tax manuals, and irrelevant and non-binding authorities. *See* Doc. 1-13 at 33, 47, 51, 63, 73. Such material has little place in a federal civil complaint. *Hall*, 193 Fed. Appx at 299-300. Moreover, neither Defendants nor the Court can be expected to sift through Plaintiff's prolix and conclusory complaint to discern relevant facts and plausible causes of action. *Id.*

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, unless the plaintiff has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Plaintiff has already amended his complaint once. S*ee* Doc. 1-13. Moreover, as discussed *supra*, the Court gave Plaintiff another opportunity to amend his complaint—after Defendants' motions to dismiss were filed and after admonishing Plaintiff that his Complaint was legally deficient—but he declined to do so. Doc. 20; Doc. 21. As such, the Court can only find that Plaintiff has already pled his best case. *Se*e *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam) (holding that dismissal of a *pro se* case with prejudice is appropriate if the court determines the plaintiff has alleged his best case). Under these circumstances, allowing Plaintiff to again amend his complaint would be futile, cause needless delay, and waste the Court's resources.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's *Motion to Remand*, Doc. 8, and *Plaintiff Bryant Duane Thomas Motion to Quash Defendant Ginnie Mae's Motion to Dismiss, and Wells*

*Fargo Bank, N.A.'s Motion to Dismiss*,² Doc. 21, should be **DENIED.** This case should be **DISMISSED WITH PREJUDICE** under Rule 41(b) for failure to follow a court order or, in the alternative, upon the Court's **GRANT** of *Defendant Ginnie Mae's Motion to Dismiss*, Doc. 7, *Defendant DHI Home Mortgage Company's Motion to Dismiss*, Doc. 10, and *Wells Fargo Bank, N.A.'s Motion to Dismiss*, Doc. 11.

**SO RECOMMENDED** on February 8, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

²As explained later, Plaintiff's *Motion to Quash* is essentially just a response in opposition to Defendants' motions to dismiss.